## MOEBS *v.* GARDINER & DENT.

---

CONTRACTS; REAL ESTATE AGENTS; EVIDENCE; INSTRUCTIONS TO JURY.

1. Where an owner of real estate agrees to pay a real estate agent $2,000 as a commission for effecting an exchange of his property for other property, out of the proceeds of the sale of such other property, and the agent agrees that if the property does not bring as much as $2,000 over and above the encumbrance upon it, he shall receive only

D. C.]                    Statement of the Case.

$1,500, the agent is entitled to receive $1,500 if the property is sold at a foreclosure sale and bid in by the principal for even less than the amount of the encumbrance.

2. Where one of the parties to an exchange of properties agreed to deliver to the other party certain cattle, and, in the settlement of the exchange, which was effected through the agent of one of the parties, a chattel trust encumbrance on the cattle was charged against the party who was to take them, although he claimed that he was to be given credit for that item, it is not error for the trial court, in an action against such party by the agent for a commission for making the exchange, to refuse to instruct the jury that if the contract of exchange failed to state that there was no encumbrance upon the cattle, the presumption of law was that they were free of encumbrance; but it is sufficient if the court instructs the jury that if they found in making the statement the agent acted fraudulently toward the plaintiff then their verdict should be for the plaintiff; nor is it error in such a case for the trial court to refuse to permit the defendant to ask the former owner of the cattle how much he paid for them.

No. 2802.   Submitted October 11, 1915.   Decided November 1, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action upon a written contract.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment for the appellee Gardiner & Dent, a corporation, in the supreme court of the District for $1,500 on a written contract entered into between the parties.

Appellee is a corporation engaged in the real estate business. On February 27, 1912, it entered into a contract with the appellant, Joseph J. Moebs, by which it agreed to accept as commission for negotiating the exchange of the Beacon Apartment House belonging to the appellant the sum of $2,000, the same to be paid by the appellant "from the proceeds of the sale of lots 8, 10, 11, 12, 13, and 14 in block 10, section 4, Chevy Chase, Maryland, when said property is sold, title to said property to be in Wallace J. Hill, it being further understood and agreed by Joseph J. Moebs and Gardiner & Dent, Inc., that

Vol. XLIV.—8.

if the above-mentioned property does not bring as much as two thousand dollars ($2,000) over and above the present encumbrance, which is $15,540, that then Gardiner & Dent, Inc., will accept as commission the sum of fifteen hundred dollars."

On the above date the contract of exchange between the appellant and J. Wilbur Latham was entered into. In that contract it is set forth that Latham "sells and agrees to convey" certain real estate, including the lots mentioned in the contract between the parties to this suit, subject to certain specified trusts. It is then specified that the appellant sells and agrees to convey to Latham said Beacon Apartment House, subject to a deed of trust. The contract then recites that as part of the consideration Latham *"agrees to deliver* to the party of the second part sixty-seven (67) steers; one cow and calf; nine (9) hogs; one mare and all the farming implements now in and upon the hereinbefore described Mitchell farm." The exchange of these properties was effected on the 22d day of March, following, when a settlement sheet was prepared by a member of the appellee firm. It is contended by the appellant that just prior to this settlement he learned that there was a chattel deed of trust of $2,556 upon the sixty-seven head of cattle mentioned in the agreement of exchange, and that Latham agreed that he, the appellant, should be given credit for the amount of this trust; that, notwithstanding this agreement, which he contends was made in the presence of the member of the appellee firm, who prepared the settlement sheet, the amount was not charged against Latham. Latham denies that he authorized the amount of this trust to be charged against him, and, on the contrary, insists that appellant was to assume it. The member of the appellee firm who prepared the settlement sheet testified that the amount of this cattle trust was not to be charged against Latham.

During the trial Latham was asked by the appellant how much he paid for the cattle. To this question an objection was interposed, which was sustained and exception noted. Over the objection and exception of the appellant, the court instructed the jury that if they should find from the evidence that the

appellee represented the appellant in the sale of the properties in controversy, that the sale actually was made, and that the appellant agreed to pay the sum of $1,500 in accordance with the provisions of the written contract in evidence, the appellee was entitled to a verdict for $1,500, with interest "from the date of the sale of the property at auction, to wit, August 1, 1913," unless the jury should find that in the transaction the appellee did not act in good faith towards its client. The court refused to instruct the jury, as requested by the appellant, that if they should find that the lots mentioned in the contract between the parties had not been sold by the appellant their verdict should be for him, even though they should further find that those lots were sold under the deed of trust existing at the time of their transfer to Hill, and that they were bought in by the appellant. The court further refused to instruct the jury, as requested by the appellant, that if the contract between the appellant and Latham failed to state that there was any encumbrance on the cattle referred to, the presumption of law would be that the cattle were free from encumbrance.

In his charge the court stated that appellant claimed that in closing up the transaction the appellee had not acted in good faith. The court further said that if the jury should find that the settlement sheet in evidence was not a true statement of the transaction, and that the appellee fraudulently prepared this statement in order to defraud the appellant, their verdict should be for the appellant. The court further instructed the jury that before the appellee could recover, they must find that it acted in good faith toward the appellant in connection with the exchange of appellant's property. Specific reference to the cattle deed of trust then was made.

*Mr. Charles F. Diggs* for the appellant.

*Mr. W. Gwynn Gardiner* and *Mr. Blaine Coppinger* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

The court committed no error in instructing the jury to return a verdict for $1,500, unless they found a lack of good faith on the part of the appellee. When the appellant permitted the lots mentioned in the contract to be sold under the deed of trust, the right to demand payment of $1,500 became fixed, whether appellant or a third party became the purchaser at the deed of trust sale. A sale had then been made and the property had not brought "as much as $2,000 over and above" the encumbrance. Under the terms of the contract, if those lots had sold for less than the encumbrance, the appellee still was to receive $1,500, and that was the amount the court permitted it to recover.

An examination of the contract between appellant and Latham discloses that it therein is specified that each party "sells and agrees to convey" certain real estate to the other. Latham then *"agrees to deliver"* to appellant the live stock and chattels mentioned. Under the terms of this agreement, which purported to confer upon the appellant nothing more than a possessory right, we do not think the court erred in refusing to charge as requested. Under the facts stated, therefore, whether appellant or Latham was to assume this chattel mortgage was a question for the jury, and that question was fully and fairly submitted to that tribunal.

Nor was it error to refuse to permit the appellant to ask Latham how much he paid for the sixty-seven head of cattle. Whether he paid much or little had no bearing on the question which one of the parties assumed the chattel mortgage.

Judgment affirmed, with costs.                *Affirmed.*